Filed by __OD__ D.C.

Jul 17, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __19-60206-CR-UNGARO/HUNT__

18 U.S.C. § 371

UNITED STATES OF AMERICA

v.

DAVID MOORE,

Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Port Everglades (hereinafter referred to as "the Port) is a seaport in Fort Lauderdale, Florida, in Broward County. The Port, a government agency, is a department within the Broward County government. The Port is governed by the Broward County Board of Commissioners. During each of the calendar years 2012 through 2018, the Port received benefits in excess of $10,000 under a federal program involving grants, subsidies, loans, guarantees, insurance, and/or other federal assistance.

2. The Port issued purchase cards (hereinafter referred to as "P-cards") to employees, which are similar to credit or debit cards. The P-cards were to be used to pay for goods and services utilized by the Port.

3. Defendant **DAVID MOORE** (hereinafter referred to as "**MOORE**") was employed in the plumbing department of the Port. Defendant **MOORE** was issued a P-card to buy goods and services for the plumbing department.

1

4. A vendor (hereinafter referred to as "Co-conspirator 1") provided goods and services to the Port. For some of the goods and services provided, Port employees paid Co-conspirator 1 with their P-cards.

## COUNT 1

(Conspiracy to Commit Fraud Concerning Programs Receiving Federal Funds, 18 U.S.C. § 371)

1. The General Allegations section of this Information is realleged and expressly incorporated herein as if set forth in full.

2. From in or about 2012 and continuing through in or about 2018, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DAVID MOORE**,

being an agent of the Port, did knowingly and willfully, combine, conspire, confederate, and agree with persons known and unknown to the United States Attorney to commit an offense against the United States, that is, to obtain by fraud, in each of the calendar years 2012 through 2018, property owned by and under the care, custody, and control of the Port that was valued at $5,000, or more, in violation of Title 18, United States Code, Section 666(a)(1)(A).

### Objective of the Conspiracy

3. It was the objective of the conspiracy that the defendant and his co-conspirator would unlawfully enrich themselves by utilizing the defendant's Port issued P-card to unlawfully obtain money for goods and services that were never delivered to the Port.

### Manner and Means of the Conspiracy

4. Beginning in or about 2012, defendant **MOORE** agreed with Co-conspirator 1 to utilize defendant **MOORE's** P-card to pay Co-conspirator 1 for materials that were not delivered to the Port.

2

5. Defendant **MOORE** caused Co-conspirator 1 to submit false invoices to the Port reflecting the delivery of the materials.

6. Defendant **MOORE** would submit a report to his supervisor reflecting his P-card use, which falsely stated that Co-conspirator 1 was due money for materials received by the Port.

7. Defendant **MOORE** and Co-conspirator 1 split the proceeds received. Co-conspirator 1 paid defendant **MOORE** by checks payable to cash issued from his company or his personal account.

8. During the course of the scheme, defendant **MOORE** and Co-conspirator 1 obtained by fraud approximately $36,505.71.

## Overt Acts

9. In furtherance of the conspiracy and to achieve the objective thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

A. On or about June 6, 2018, defendant **MOORE** charged $1,736.85 to the P-card issued to him by the Port to pay Co-conspirator 1 for materials that were not delivered.

B. On or about June 12, 2018, Co-conspirator 1 provided a check payable to cash issued from his personal account to defendant **MOORE** in the amount of $800.

All in violation of Title 18, United States Code, Section 371.

_Thomas J. Mulvihill for_
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

DAVID MOORE,

_____ **Defendant.** /

**Court Division**: (Select One)

Miami ____    Key West ____
FTL   √     WPB ____    FTP ____

New Defendant(s) ____ Yes ____ No
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)  No
   List language and/or dialect   English

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                         (Check only one)

   I    0 to  5 days    √         Petty    ____
   II   6 to 10 days   ____   Minor
   III  11 to 20 days  ____         Misdem.  ____
   IV   21 to 60 days  ____         Felony    √
   V    61 days and over ____

6. Has this case been previously filed in this District Court?   No   (Yes or No)
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  ____ (Yes or No) No  √
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case?   ____ (Yes or No)   **No**

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes   √   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes  √  No

_____
Jeffrey N. Kaplan
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5500030

Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: DAVID MOORE**

**Case No:** _____

**Count #: 1**

Conspiracy to Obtain by Fraud Property of Programs Receiving Federal Funds.

Title 18, United States Code, Section 371

**Max. Penalty:** 5 years' imprisonment, a fine of the greater of $250,000 or twice the gross gain or twice the gross loss, 3 years' supervised release

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| DAVID MOORE, | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*